IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO. H-03-0459-01 |
| | § | |
| EDUARDO MOLINA | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Eduardo Molina, which seeks relief from his sentence in the form of a judgment nunc pro tunc. (Docket No. 27). The Court **denies** the defendant's motion for reasons set forth briefly below.

**I.     BACKGROUND**

On March 22, 2004, Molina pleaded guilty to one count of aiding and abetting the bribery of a public official. Molina has other convictions for bribery that were entered in another division of this district. In a judgment entered on July 7, 2004, this Court sentenced Molina to serve 21 months in prison. The judgment expressly states that the sentence is "to run concurrent to the previously imposed terms of imprisonment from the United States District [Court] for the Southern District of Texas, Brownsville Division, Docket Nos. B-9-CR00269-001 and B-90CR00334-001." Molina did not appeal.

Molina has now filed a motion seeking an amended judgment "nunc pro tunc." Molina complains in this motion that the Bureau of Prisons has not given him credit for approximately seven months and twenty-five days of time that he spent in jail on another one

of his convictions. He asks this Court to amend the judgment in this case, nunc pro tunc, to require the Bureau of Prisons to award him these "jail credits." For reasons set forth below, this Court has no jurisdiction to consider Molina's motion.

## II.   DISCUSSION

Because Molina's motion challenges the administration or execution of his sentence by the Bureau of Prisons, it is governed by 28 U.S.C. § 2241. In that regard, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). To entertain a habeas corpus petition under 28 U.S.C. § 2241, "the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). The Fifth Circuit has recognized repeatedly that, while petitions for post-conviction relief under 28 U.S.C. § 2255 must be filed with the sentencing court, "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001); *see also Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *Pack v. Yusaff*, 218 F.3d 448, 451 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Molina is currently incarcerated at a federal facility in Oklahoma. Because the defendant is not incarcerated within the Southern District of Texas, this Court has no jurisdiction over a challenge to the manner in which his sentence is executed under § 2241.

## III.   CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the defendant's motion for an amended judgment nunc pro tunc (Docket No. 27) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on the 10th of June, 2005.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge